**SUPERIOR COURT**
OF THE
**STATE OF DELAWARE**

FERRIS W. WHARTON
*JUDGE*

NEW CASTLE COUNTY COURTHOUSE
WILMINGTON, DE 19801-3733

December 8, 2014

Sterling Hobbs a.k.a. Amir Fatir
SBI # 13
1181 Paddock Road
Smyrna, Delaware 19977

**Letter and Order**
**RE: Motion for Reconsideration – 75060892DI**

Dear Mr. Hobbs:

The Court has received your Motion for Reconsideration dated October 30, 2014. In the Motion you assert that, based on your claim for lack of jurisdiction, the Rule 61 Motion you filed on September 19, 2014 cannot be summarily dismissed because "Super. Ct. R. 61(i)(5) clearly states that 'The bars to relief in paragraphs (1), (2), (3), and (4) of this subdivision shall not apply to either a claim that the court lacked jurisdiction…'"[1]

Superior Court Criminal Rule 61 was amended effective June 4, 2014. The amendment included a procedural mechanism by which the Court shall summarily dismiss second or subsequent Rule 61 Motions before considering the procedural bars contained in Super. Ct. Crim. R. 61(i).[2] If the claims set forth in the second or subsequent Rule 61 Motion do not meet the pleading requirements of Section (d)(2)(i)-(ii), the Court shall dismiss the claim.[3] Therefore, because your Rule 61

---

[1] Mot. for Reconsideration, D.I. 248, ¶ 3 (quoting Super. Ct. Crim. R. 61(i)(5)).
[2] *See* Super. Ct. Crim. R. 61(d)(2).
[3] *Id.*

Motion did not set forth claims as required by Section (d)(2)(i)-(ii), the Court summarily dismissed your Rule 61 Motion.

The Court need not examine your claims under Section (i) because your claims did not survive summary dismissal under the current version of the rule. As you note in your Motion, Section (i)(5) renders the procedural bars set forth in Section (i) inapplicable to claims of lack of jurisdiction; however, because your claim was dismissed under Section (d), Section (i)(5) is inapplicable. Stated another way, the recent amendment effectively mandates that all second or subsequent post-conviction motions be summarily dismissed before examining the Motion under Section (i) unless the movant was convicted after a trial and either the claim is that new evidence exists to prove the movant's innocence or the claim is that a new rule of constitutional law that has been made retroactive applies to the movant's case.[4]

Therefore, your Motion for Reconsideration is hereby DENIED.

Sincerely yours,


/s/ Ferris W. Wharton
Judge




FWW/jnl

---

[4] *See* Super. Ct. Crim. R. 61(d)(i)-(ii).